IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

1. RACHEL A. WALLIN
              Plaintiff,

v.

2. M & N DEALERSHIPS IV, LLC
   D/B/A BARRY SANDERS SUPERCENTER

3. M & N HOLDINGS, LLC
              Defendants.

Case No.: CIV-14-885-D
**JURY TRIAL REQUESTED**

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This litigation is brought by Plaintiff, Rachel A. Wallin, alleging that her former employer discriminated against her because of her sex, female, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § §2000e et seq.

### II. PARTIES

2. Plaintiff, Rachel Wallin, is an individual citizen who is a former resident of Stillwater, Payne County, Oklahoma, and who worked for Defendant in Stillwater, Payne County, Oklahoma within the Western District of Oklahoma.

3. Defendant, M&N Dealerships IV, LLC is a domestic limited liability company with its principal place of business in Norman, Oklahoma and also doing business as Barry Sanders Supercenter in Stillwater, Oklahoma.

4. Defendant, M&N Holdings, LLC is a domestic limited liability company with its principal place of business in Norman, Oklahoma, and upon information and belief, interrelated or a parent company of M&N Dealerships IV, LLC, and responsible for or directing those activities of M&N Dealerships IV, LLC, or with common ownership or corporate management such that separate corporate identity should be ignored.

### III. JURISDICTION AND VENUE

5. This action is brought under the federal statutes which prohibit employment discrimination based upon sex, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000e et seq., ("Title VII").

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

7. Venue is proper under 42 U.S.C. § 2000e-5(f)(3).

### IV. CONDITIONS PRECEDENT

8. Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") complaining of gender based discrimination, retaliation and other.

9. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the EEOC. After receiving a favorable determination of discrimination, she subsequently received her Notice of Right to Sue letter on or about August 14, 2014. A copy is attached hereto as Exhibit "A". This lawsuit is filed timely and within ninety (90) days of Plaintiff's receipt of such notice.

### V. FACTUAL ALLEGATIONS

10. Defendants herein are a covered "employer" as defined in Title VII.

11. Defendant M&N Dealerships IV, LLC d/b/a Barry Sanders Supercenter is a domestic limited liability company with its corporate headquarters located in Norman, Oklahoma. Defendant M&N Holdings, LLC, is also a domestic limited liability company with its corporate headquarters located in Norman, Oklahoma. The Defendants are entities involving

common ownership and corporate governance and have in excess of four hundred (400) employees.

12. Plaintiff was employed by Defendant, M&N Dealerships IV, LLC on approximately January 16, 2012, to work as an automobile salesperson at Barry Sanders Supercenter, located at 4020 W. 6th Avenue, Stillwater, Oklahoma.

13. Plaintiff was qualified to perform her assigned duties and did so in a satisfactory manner, as she was one of the top salespersons.

14. While Plaintiff was employed by Defendant, M&N Dealerships IV, LLC, Plaintiff was continuously subjected to different terms and conditions of employment and discriminated against because of her sex, female, and retaliated against because she opposed illegal sex discrimination. Plaintiff was subjected to sexual harassment by management and employees of Barry Sanders Supercenter. Plaintiff complained about the harassment but no appropriate corrective action was taken. Plaintiff finally asked to take a leave of absence and was eventually forced to resign because the workplace had become so hostile.

15. All adverse actions taken by Defendants, against Plaintiff herein were intentional, willful, malicious, or in reckless disregard of the legal rights of Plaintiff.

16. As a result of Defendants' adverse actions taken against Plaintiff, she has sustained personal injury, losses, and damages, and will continue to suffer injury, losses, and damages in the future, including without limitation: loss of career path; loss of wages, fringe benefits and other compensation; and emotional distress and mental anguish.

17. Further, Plaintiff was not paid all compensation to which she was entitled. Pursuant to their employment agreement, Plaintiff was to be paid a certain commission based on the gross profits on automobiles sold. Defendants purposefully altered and changed various

rebates, financing terms, and other information in the automobile sales contract which necessarily affected the compensation to which Plaintiff was entitled. Plaintiff has not been paid all amounts for which she earned.

## FIRST CAUSE OF ACTION:
### Title VII – Gender Discrimination, Disparate Treatment

18. Plaintiff restates, realleges and incorporates by reference all allegations contained in Paragraphs 1 through 17, as set forth above.

19. Defendants have engaged in a pattern of gender discrimination against female employees.

20. Defendants' actions constitute a violation of Title VII in that Defendant treated Plaintiff differently and less favorably than her male co-workers with regard to terms and conditions of her employment.

21. As a result of Defendants' above-stated actions, Plaintiff has suffered deteriorating health, emotional distress, embarrassment, humiliation, and the inability to advance in her career.

22. Plaintiff was and continues to be deprived of income in the form of salary, bonuses, retirement benefits, Social Security and other benefits as a result of her being forced to resign due to harassment and retaliation.

23. Defendants' actions were willful, wanton and malicious and demonstrate a pervasive pattern of gender discrimination. Plaintiff is therefore entitled to punitive damages.

## SECOND CAUSE OF ACTION
### Title VII – Retaliation

24. Plaintiff restates, realleges and incorporates by reference all allegations contained in Paragraphs 1 through 23, as set forth above.

25. Plaintiff's conduct in reporting and opposing Defendants' discrimination against female employees, including herself, and reporting discrimination against other employees based on race, constitutes protected conduct pursuant to Title VII.

26. Defendants continued to allow the discriminatory behavior. Further, Defendants' behavior escalated after Plaintiff reported the behavior, to such an extent that she was forced to resign.

27. Defendants' actions constitute a violation of Title VII in that Defendants retaliated against Plaintiff for conduct and reasons protected by Title VII. Specifically Plaintiff was retaliated against by Craig Olinger, General Sales Manager, and Jeremy Bird, General Manager, both of whom are employed by Defendant M&N Dealerships, IV, LLC, and senior to and a supervisor of Plaintiff.

28. As a result of Defendants' above-stated actions, Plaintiff has suffered deteriorating health, emotional distress, embarrassment, humiliation, and the inability to advance in her career.

29. Plaintiff was and continues to be deprived of income in the form of salary, bonuses, retirement benefits, Social Security and other benefits due to her solely because of her gender as a result of her being forced to resign due to harassment and retaliation.

30. Defendants' actions were willful, wanton and malicious and demonstrate a pervasive pattern of gender discrimination. Plaintiff is therefore entitled to punitive damages.

### THIRD CAUSE OF ACTION
### Retaliation for Business Activities

31. Plaintiff restates, realleges and incorporates by reference all allegations contained in Paragraphs 1 through 30, as set forth above.

32. On various occasions during the course and scope of her employment, Plaintiff did in fact report improper activities of Defendants in which it was engaged, which constituted fraud and deceit upon its customers, including and in particular; violations of the Monroney Act, and the required labeling of new and used vehicles with window stickers and buyer's guides; and further, the improper credits and deductions on the purchase value of vehicles being purchased by customers, including rebates; and further, the improper charging of various add-ons, warranties, and other additions, including extended warranty information and oil and service charges, which in most instances were represented to be "free"; and further, in certain situations, actions concerning financing fraud, as well as additional and other improper business activities of Defendants.

33. That in response to reporting these false, deceptive and misleading practices of Defendants, that Defendants did further retaliate against Plaintiff, including continuation and enhancement of the discriminatory remarks, and statements made above and the purposeful advancement of an increasingly hostile environment.

34. That Plaintiff has suffered actual and consequential damages including the loss of compensatory damages, deterring health, emotional distress, embarrassment, humiliation, and the inability to advance in her career or chosen field, and should be awarded all such actual and consequential damages, together with punitive damages.

## FOURTH CAUSE OF ACTION
### Breach of Employment Contract

35. Plaintiff restates, realleges and incorporates by reference all allegations contained in Paragraphs 1 through 34, as set forth above.

36. Defendant M&N Dealerships IV, LLC, agreed to compensate Plaintiff by means of payment of a commission based on a percentage of the "gross profit" from the sale of

vehicles, and to pay other compensation. Defendant's agreement with Plaintiff constituted an employment contract with Plaintiff regarding the method and amounts of compensation due Plaintiff.

37. As set forth more fully above, Defendant M&N Dealerships IV, LLC, breached its employment contract with Plaintiff by failing to pay earned commissions and other amounts due.

38. As a consequence of said breaches, Plaintiff has suffered damages for which Defendants are responsible.

## FIFTH CAUSE OF ACTION
### Negligent Misrepresentation

39. Plaintiff restates, realleges and incorporates by reference all allegations contained in Paragraphs 1 through 38, as set forth above.

40. Defendants, in inducing Plaintiff to enter in her employment, and as Plaintiff's employer, owed Plaintiff a duty of care.

41. Defendants, despite their duty of care, negligently made false representations and false inducements to Plaintiff, including promises that Plaintiff would receive the agreed upon compensation. Defendants knew or should have known that, consistent with their long-standing business practices, Plaintiff would not be paid the commissions promised or other compensations due.

42. Defendants' false representations and inducements regarding Plaintiff's compensation were intended to induce Plaintiff to enter into and/or remain in the employment of Defendant M&N Dealerships, IV, LLC. As a result of these false representations, Plaintiff accepted employment with Defendant M&N Dealerships, IV, LLC and continued in its employ.

43. Defendants had knowledge that Plaintiff would rely on the false representations and statements regarding Plaintiff's compensation in choosing whether to enter into and/or remain in Defendant's employ.

44. Plaintiff was justified in relying upon Defendants' false representations. In such reliance, Plaintiff forewent alternative employment options and entered into, and/or continued in employ of Defendant M&N Dealerships IV, LLC.

45. Plaintiff has been damaged by Defendants' false representations and her reliance thereon. Such damage was proximately caused by Defendants' negligence.

## SIXTH CAUSE OF ACTION
### Intentional Misrepresentation (Fraud)

46. Plaintiff restates, realleges and incorporates by reference all allegations contained in Paragraphs 1 through 45, as set forth above.

47. As set forth above in more detail, Defendants made false representations to Plaintiff, promising that Plaintiff would receive agreed upon commissions and other compensation.

48. Defendants knew that such representations made to Plaintiff of promised commissions and other compensation were false at the time Defendants made them. Defendants knew that, consistent with their long-standing business practices, Plaintiff would not be paid the commissions or other compensation promised.

49. The false representations made by Defendants regarding Plaintiff's promised commissions and other compensation were made to Plaintiff for the purposes of inducing Plaintiff to leave other employment and work for Defendants and/or continue providing valuable services to Defendants.

50. Plaintiff justifiably relied upon Defendants' misrepresentations and suffered damages as a direct and proximate result thereon. Defendants' misrepresentations caused Plaintiff to forego alternative business opportunities and continue working for Defendants for considerably longer than she would have had the misrepresentations not been made.

51. Defendants willfully made the misrepresentations to Plaintiff with actual malice.

### SEVENTH CAUSE OF ACTION
### Quantum Meruit

52. Plaintiff restates, realleges and incorporates by reference all allegations contained in Paragraphs 1 through 51, as set forth above.

53. As set forth more fully above, Defendants compensated Plaintiff by means of payment of a commission based on a percentage of the "total gross [profit]" from the sale of vehicles. Plaintiff performed services for Defendants under circumstances such that both parties reasonably expected that Plaintiff would be compensated for such services. Defendants benefited from Plaintiff's services rendered and would be unjustly enriched therefrom if Defendants were not required to compensate Plaintiff fairly for her services rendered.

54. As set for the more fully above, Defendants failed to pay Plaintiff commissions for Plaintiff's services rendered.

55. As a consequence, Plaintiff has suffered damages for which Defendants are responsible. It is fair and equitable for Defendants to be required to pay Plaintiff for her services, and it would be unfair and inequitable for Defendants to reap the benefit of Plaintiff's services without being required to pay Plaintiff for them.

### EIGHTH CAUSE OF ACTION
### Oklahoma Anti-Discriminatory Act Violations

56. Plaintiff restates, realleges and incorporates by reference all allegations contained in Paragraphs 1 through 55, as set forth above.

57. The matters alleged above also constitute a violation of the Oklahoma Anti-Discriminatory Act ("OADA").

58. As damages, Plaintiff has suffered actual damages, including back pay and liquidated damages, and all equitable and compensatory damages, including punitive, if applicable, as may be allowed by the OADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court grant Plaintiff a trial by a jury of her peers and enter a judgment against Defendants for the deprivation of Plaintiff Rachel Wallin's rights secured by Title VII and other causes of action, and award Plaintiff as follows:

a. Declaratory relief declaring that Defendants discriminated against Plaintiff on the basis of her gender, fostered a hostile work environment and retaliated against Plaintiff in violation of Title VII and improper business activities, and declaring them liable to Plaintiff for these actions;

b. Compensatory damages in favor of Plaintiff to compensate her for the damages she sustained as a result of Defendants' violation of Title VII and improper business activities;

c. Back pay;

d. Front pay;

e. Liquidated damages, including any statutory double or treble damage awards;

f. Actual damages for those amounts for medical, psychological or psychiatric counseling, and any other treatments which Plaintiff may have received together with any consequential damages;

  g. Breach of contract for wages earned and not paid, and a full accounting of all amounts due to Plaintiff, together with interest, costs and attorney's fees;

  h. Punitive damages against Defendants in an amount sufficient to punish Defendants for their pervasive discriminatory and hostile work environment and retaliatory conduct against female employees, including Plaintiff;

  i. Costs of this action, including, but not limited to attorney fees, prejudgment and post-judgment interest;

  j. Any and all such other relief the Court deems appropriate.

           Respectfully submitted,

           /s/John E. Koemel, Jr.
           John E. Koemel, Jr., OBA #17659
           KOEMEL LAW, PLLC
           205 W. 7TH AVE., SUITE 101-B
           STILLWATER, OK  74074
           TELEPHONE: (405) 533-1885
           FACSIMILE:  (405) 533-1867
           JohnKoemel@KoemelLaw.com
           ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**